IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NELSON FELIX VALLADARES SERRANO, PETITIONER
A# 220-902-381

V. CIVIL NO. 5:26-cv-811-DCB-RPM

WARDEN, ET AL. RESPONDENTS

ORDER

BEFORE THE COURT is pro se Petitioner Nelson Felix Valladares Serrano's Motion for Temporary Restraining Order. Mot. [2]. The Court has considered Petitioner's submission and the relevant legal authority. The motion is denied.

Petitioner is an immigration detainee housed at the Adams County Correctional Center ("ACCC") in Natchez, Mississippi. On September 4, 2026, he filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention. Petitioner simultaneously filed the instant motion seeking his immediate release from custody or in the alternative, an order preventing his transfer to a detention facility outside of this judicial district or his removal from the United States while this habeas case is pending. Petitioner claims the "only bond hearing he received was void because the Immigration Judge denied jurisdiction." Mot. [2] at 2. Petitioner further claims his transfer to a detention facility outside of the Southern District of Mississippi "would destroy this Court's jurisdiction and moot his habeas petition." *Id*. at 3. Petitioner seeks his release from custody, "subject to reasonable noncustodial conditions of supervision" or in the alternative, an Order prohibiting his transfer or removal from the United States. *Id*. at 5.

Since Petitioner seeks relief that if granted would exceed the 14-day limit of a temporary

restraining order, his Motion is in effect a request for a preliminary injunction. *See* Fed. R. Civ. P. 65(b); *Dixon v. Vanderbilt*, 122 F. App'x 694, 695 (5th Cir. 2004). To receive a preliminary injunction, Petitioner must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm without the injunction; (3) which harm outweighs any harm to respondent if granted; and (4) that the injunction will not disserve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–19 n.15 (5th Cir. 2001). "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). Petitioner fails to meet this standard.

First, the Court finds that Petitioner's transfer to a detention facility outside of this judicial district will not divest this Court of jurisdiction or frustrate this Court's ability to adjudicate this Petition. In a § 2241 habeas action, jurisdiction rests in the district where petitioner is incarcerated when the case is filed. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). Since jurisdiction attaches at the time the petition is filed, jurisdiction is not destroyed by transferring a petitioner outside of the district afterwards. *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014); *Lee,* 244 F.3d at 375 n.5. When this Petition was filed, Petitioner was housed at the Adams County Correctional Center, located in the Southern District of Mississippi. Jurisdiction attached in this Court at that time, and no subsequent transfer will destroy that jurisdiction.

Second, to the extent Petitioner seeks an order preventing his removal while this habeas case is pending, his motion is denied. This Court is without jurisdiction over a claim by an alien "connected directly and immediately" with the Attorney General's decision to commence or

adjudicate removal proceedings. *Humphries v. Various Fed. USINS Emps*., 164 F.3d 936, 943 (5th Cir. 1999). A request to stay removal proceedings is connected directly and immediately to the Attorney General's decision to adjudicate removal proceedings. *Leger v. Young*, 464 F. App'x 352, 353 (5th Cir. Mar. 15, 2012). As such, a district court lacks the power to stay such proceedings.

Lastly, the legality of Petitioner's detention and his request for release from custody is the subject of this habeas Petition and this Court will be able to render a meaningful decision on the merits without granting preliminary injunctive relief. *See Canal Auth. of State of Fla.,* 489 F.2d at 573 ("The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits."). Based on the foregoing and in the exercise of this Court's discretion, Petitioner's motion for a temporary restraining order, which in effect seeks a preliminary injunction, is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pro se Petitioner Nelson Felix Valladares Serrano's Motion for Temporary Restraining Order [2] is DENIED.

**SO ORDERED AND ADJUDGED**, this the 24th day of September, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE